UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUBA COUNTY WATER AGENCY, | No. 2:13-CV-00042-MCE-CKD |
| Plaintiff, | |
| NEVADA IRRIGATION DISTRICT; BROPHY WATER DISTRICT; HALLWOOD IRRIGATION COMPANY; PACIFIC GAS AND ELECTRIC COMPANY; STATE WATER CONTRACTORS, INC., | **ORDER** |
| Plaintiff-Intervenors, | |
| v. | |
| NATIONAL MARINE FISHERIES SERVICE; UNITED STATES DEPARTMENT OF COMMERCE; REBECCA M BLANK, in her official capacity as Acting Secretary of Commerce; RODNEY R. MCINNIS, in his official capacity as Regional Administrator, Southwest Region, National Marine Fisheries Service; U.S. ARMY CORPS OF ENGINEERS; LIEUTENANT GENERAL THOMAS P. BOSTICK, in his official capacity as Commanding General of U.S. Corps of Engineers; and COLONEL WILLIAM J. LEADY, P.E., in his official capacity as District Commander, Sacramento District, U.S. Army Corps of Engineers, | |
| Defendants. | |

1

Presently before the Court are four separate motions filed on behalf of five parties who seek to intervene as Plaintiffs in the above-entitled action filed by the Yuba County Water Agency on January 9, 2013.  All motions seek to intervene as a matter of right under Federal Rule of Civil Procedure 24(a), and alternatively contend that permissive intervention is also indicated under Rule 24(b).  No opposition has been submitted to any of the motions.

Plaintiff Yuba County Water Agency's case in chief challenges the issuance, on February 29, 2012, of a Biological Opinion ("BiOp") by Defendant National Marine Fisheries Service ("NMFS").  That BiOp addresses the potential effects on certain species of salmonids and green surgeon (that are listed under the Endangered Species Act) by operation of the Englebright and Daguerre Point dams on the Yuba River in Central California.

The parties now seeking to intervene argue that their rights will also be affected by the BiOp.  Both the Nevada Irrigation District and Pacific Gas and Electric Company contend, inter alia, that implementation of the BiOp will affect their relicensing status with the Federal Energy Regulatory Commission ("FERC").  In addition to such potential hydroelectric impacts, the State Water Contractors, Inc., the Brophy Water District and the Hallwood Irrigation Company also contend that the BiOp may affect various water rights.  All proposed Intervenors contend that their individual interests cannot be adequately addressed by the existing parties to this lawsuit, and point out that their intervention requests were made shortly after Plaintiff's Complaint was filed earlier this year.

Intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2) entails a four part test.  First, the application to intervene must be made on a timely basis.  Second, the applicant must have a "significantly protectable interest" relating to the property or transaction that is the subject of the action.  Third, the applicant must show that disposition of the action may impair its ability to protect that interest.

///

Fourth and finally, the applicant must demonstrate that existing parties will not adequately represent its own interest. Cemex, Inc. v. County of L.A., 92 F. App'x. 457, 458-59 (9th Cir. 2004), citing Southwest Ctr. For Biological Diversity v. Berg, 268 F.3d 810, 817-18 (9th Cir. 2001).  This four-part test is to be construed liberally in favor of intervention . Id. at 818.

The intervention requests before the Court detail how the applicable prerequisites for intervention as a matter of right, as delineated above, are satisfied.  Having reviewed those representations, and given the lack of any opposition to said requests, the Court finds that good cause has been established for intervention as a matter of right.  The Court similarly finds that applicants are alternatively entitled to permissive intervention under Federal Rule of Civil Procedure Rule 24(b) given the fact that the applicants' claims are timely and share common questions of fact or law with those presented by the case-in-chief.

The Motions to Intervene are accordingly granted[1] as follows:

1. The Motion for Intervention submitted on behalf of Nevada Irrigation District (ECF No. 27) is GRANTED.  Nevada Irrigation District is directed to file its Proposed Complaint in Intervention (Ex.1 to Notice of Motion) forthwith not later than ten (10) days following the date of this Order;

2. The Motion to Intervene on behalf of Brophy Water District and Hallwood Irrigation Company (ECF No. 31) is also GRANTED. Inasmuch as no proposed complaint has been submitted on behalf of Brophy/Hallwood, any such complaint in intervention must be filed not later than ten (10) days following the date of this Order;

///

///

---

[1] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

      3.  Pacific Gas and Electric Company's Amended Motion to Intervene (ECF No. 36) is GRANTED, and its proposed Complaint for Declaratory and Injunctive Relief (ECF No. 33) must also be filed not later than ten (10) days following the date of this Order;

      4.   The Motion to Intervene filed by State Water Contractors, Inc. (ECF No. 37) is also GRANTED, and its Proposed Complaint in Intervention for Injunctive and Declaratory Relief (ECF No. 38) shall be filed not later than ten (10) days following the date of this Order.

IT IS SO ORDERED.

DATED:  May 23, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT